494 So.2d 1121 (1986)
INQUIRY CONCERNING a Judge, Judge J. Allison DeFOOR, II.
No. 67,595.
Supreme Court of Florida.
August 21, 1986.
Rehearing Denied October 21, 1986.
Kathleen T. Phillips, Chairman, Pensacola, John S. Rawls, Gen. Counsel, Tallahassee, and Albert G. Caruana of Wright & Caruana, P.A., Sp. Counsel, Miami, for Judicial Qualifications Com'n, petitioner.
Burton Young and Nicolas A. Manzini of Young, Stern & Tannenbaum, P.A., North Miami Beach, and James T. Hendrick of Morgan & Hendrick, Key West, for respondent.
PER CURIAM.
This proceeding is before the Court upon a report of the Judicial Qualifications Commission (JQC) recommending that Judge J. Allison DeFoor, II, receive a public reprimand. The JQC found that, while serving as a Monroe County Judge, DeFoor actively participated in political activity inappropriate to his judicial office, utilized his judicial office for the private and pecuniary interests of himself and others, and established an improper procedure by which certain traffic violators could avoid both a court appearance and an adjudication of guilt by paying to the clerk of the court double the statutory fine. We have jurisdiction *1122 pursuant to article V, section 12, Florida Constitution. We approve the findings of the JQC and agree with its recommended discipline.
The JQC charged Judge DeFoor with three counts of misconduct, found him guilty on all counts, and has recommended that he receive a public reprimand. These findings were primarily based upon facts to which Judge DeFoor stipulated. As to count I, the JQC found that Judge DeFoor violated canon 7 of the Code of Judicial Conduct by actively participating in the election campaigns of two Monroe County politicians. Judge DeFoor stipulated that he improperly aided the candidacies of two friends, Richard J. Fowler who was running for circuit judge and Randall Winter who was running for public defender. Judge DeFoor aided these candidates by, inter alia, developing campaign strategies, identifying campaign issues, privately lobbying members of the Monroe County legal community, attempting to publicize circuit court statistics reflecting negatively upon the incumbent, and informing his friends as to the nature of certain pre-prepared questions to be used in a public political forum which Judge DeFoor helped to organize.
As to count II, the JQC found that Judge DeFoor violated canon 2 (appearance of impropriety), canon 3 (performing duties of office impartially and diligently), and canon 5 (regulating extrajudicial activities so as to minimize conflict) of the Code of Judicial Conduct. The JQC found that Judge DeFoor improperly utilized his office in order to develop and promote an electronic device in which DeFoor held a financial interest. The device, used to monitor probationers under house arrest, had been developed by a corporation organized by Judge DeFoor. Moreover, Judge DeFoor signed as guarantor for a line of credit for the corporation, experimented with the device using individuals whom Judge DeFoor had convicted of minor criminal infractions, allowed his photograph to be utilized in promotional materials, replaced the Salvation Army as misdemeanor supervisor of the Upper Keys area and substituted a company which had marketed the device in another part of Florida, and at all times intended to participate in any profits which the device might generate.
As to count III, the JQC found that Judge DeFoor violated canon 2 (appearance of impropriety) and canon 3 (impartial performance of duties) of the Code of Judicial Conduct. Judge DeFoor has stipulated that he improperly established a uniform procedure under which traffic violators charged with speeding less than 70 m.p.h. could, without appearing in court, obtain an automatic withhold of adjudication by signing a waiver information form and paying directly to the clerk of the court double the statutory fine. Such a procedure unquestionably violated rule 6.340 of the Florida Rules of Practice and Procedure for Traffic Courts.[*]
Judge DeFoor contends that he relied upon an opinion from the Committee on Standards of Conduct Governing Judges approving his role in the development and promotion of the monitoring device and that this good faith reliance cannot justly be punished. In light of the language in the committee's opinion, however, we find this argument unpersuasive. In its opinion the committee expressly stated that Judge DeFoor could only enjoy the financial fruits of the monitoring device so long as he both refrained from financial and business dealings which tended to reflect adversely on his impartiality and avoided marketing the device within Monroe County. Clearly, Judge DeFoor heeded neither the letter nor the spirit of this advice. Moreover, because Judge DeFoor has admitted to utilizing the device in Monroe County prior to the time he requested the committee's opinion, we find any reliance argument specious. *1123 Likewise, Judge DeFoor's contention that he has shown his good intentions by divesting himself of all financial interests in the device is unpersuasive because he did not do so until after a formal complaint had been filed.
We also find little merit in Judge DeFoor's contention that the JQC gave insufficient weight to an advisory opinion issued by the Traffic Court Review Committee. That opinion declined to take a specific position concerning the use of the withholding of adjudication procedure. Judge DeFoor, however, undertook the practice long before requesting this opinion, a request he made only at the behest of the clerk of the court. Further, because the committee replied to Judge DeFoor's inquiry only five days prior to the date of the notice of investigation, we find any reliance argument meritless.
Judges serve on the bench in order to further the interests of justice, not their own personal interests. When an attorney leaves private practice in order to serve as a judge, he must, for the sake of the office, be willing to forego many of the financial and political opportunities that otherwise might be available to him. If an individual is unwilling to forego such opportunities, he should not be a judge. In order to safeguard the integrity of the entire judicial system, each judge must strictly abide by the tenets set forth in the Code of Judicial Conduct. In light of Judge DeFoor's conduct, the recommended discipline indicates that the JQC gave the two committee opinions at least some mitigating weight. According to the JQC, the recommended discipline also reflects a finding that Judge DeFoor is contrite, acknowledges the seriousness of his conduct, and is unlikely to repeat his mistakes in the future. It is only in light of these mitigating factors that we deem a public reprimand to be adequate.
Publication of this opinion in Southern Reporter shall serve as the public reprimand.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
BARKETT, J., concurs in result only.
NOTES
[*] Fla.R.Traf.Ct. 6.340(b) provides that:

No admission shall be received by the court other than by appearance of the offender or the offender's attorney in open court or as herein provided in these rules or by statutory law. The acceptance by a court of a signed admission or waiver of trial, contrary to the provisions of these rules or statutory law is forbidden.